Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000674
29-JUN-2018
08:12 AM

NO. CAAP-17-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVIS YEN HOY CHANG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-16-04150)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Davis Yen Hoy Chang (**Chang**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered against him and in favor of Plaintiff-Appellee State of Hawai'i in the District Court of the First Circuit (**District Court**) on August 25, 2017.[1] Following a bench trial, Chang was found guilty of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and (b)(1) (Supp. 2017).[2]

---

[1] The Honorable Trish K. Morikawa presided.

[2] HRS § 291E-61(a)(1) and (b)(1) provide:

§ 291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if
(continued...)

On appeal, Chang asserts four points of error, contending that: (1) the District Court erred when it denied Chang's motion to suppress evidence of his performance on the standardized field sobriety tests; (2) the District Court violated Chang's constitutional right to testify by making statements that made it impossible for Chang to understand his rights to testify and not to testify; (3) the evidence was insufficient to support a conviction; and (4) Chang received ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Chang's points of error as follows:

---

[2](...continued)
the person operates or assumes actual physical control of a vehicle:
    (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
    . . . .

    (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
    (1)   For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
       (A)   A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
       (B)   One-year revocation of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;

(1) Chang contends that the District Court erred by failing to suppress Officer Jared Spiker's (**Officer Spiker**) observations of Chang's performance on the standardized field sobriety tests because Chang's performance, as purported nonverbal communication, was obtained in violation of his right to remain silent under article I, section 10 of the Hawai'i Constitution, and Chang was not given Miranda[3] warnings.

Chang cites State v. Tsujimura, 140 Hawai'i 299, 400 P.3d 500 (2017), for the proposition that his performance on the standardized field sobriety tests, as post-seizure nonverbal communicative responses, were obtained in violation of his right to remain silent. In State v. Tsujimura, the Hawai'i Supreme Court held that a person has the right to remain silent before an arrest is made. Id. at 310-11, 400 P.3d at 511-12. However, Tsujimura is distinguishable because, in that case, the issue was whether the defendant's pre-arrest silence could be used against him substantively as an implication of guilt, not whether non-custodial, pre-arrest statements made by a defendant can be used as evidence. Id. at 311-14, 400 P.3d at 512-15.

Chang also contends that, because he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966), before participating in the standardized field sobriety tests, his performance on the field sobriety tests, as nonverbal communication, should have been suppressed. Chang does not dispute, however, that Officer Spiker testified that Chang was initially pulled over pursuant to a valid traffic stop after the

---

[3]     Miranda v. Arizona, 384 U.S. 436 (1966).

3

officer observed Chang operating his vehicle without headlights, and making an improper left turn. There is no evidence to the contrary and the District Court found Officer Spiker to be credible.

A defendant is not in custody for the purposes of Miranda merely because he or she has been pulled over pursuant to a valid traffic stop. See State v. Kaleohano, 99 Hawaiʻi 370, 376, 56 P.3d 138, 144 (2002). Here, Chang was not in custody merely by virtue of being pulled over during a traffic stop. Although he was asked to exit his vehicle, Chang was not subjected to custodial interrogation prior to or while performing the standardized field sobriety tests; therefore, he was not required to be advised of his rights under Miranda, based on these circumstances alone.

In addition, the evidence showed that Chang consented to participate in the field sobriety tests. When asked if he had "ordered" Chang out of the car, Officer Spiker said:

> Yes, I ordered him out. Yeah, I asked him. I didn't, like, demand he get out but I just kind of said, you know, going to offer you a field sobriety test . . . and if you'd like to participate, and then he said yeah, he would. Then I said, if you can please exit the vehicle. I didn't, like, yeah, yeah, out of the car now, wasn't like that, but yeah.

(Emphasis added). Although Officer Spiker characterized what he said as "order[ing]" Chang out of the vehicle, it appears that Officer Spiker "offered" Chang the standardized field sobriety tests and, after Chang indicated that he wanted to participate, Officer Spiker asked him to exit the vehicle. Officer Spiker also testified that he told Chang that the standardized field

sobriety tests were voluntary and that he did not have to take them.

Under the totality of the circumstances, we conclude that Chang was not in custody based on the time, place and length of the interrogation, the nature of the questions asked, the conduct of the police at the time of the interrogation, and because he consented to participate in the field sobriety tests. See State v. Kazanas, 138 Hawai'i 23, 36, 375 P.3d 1261, 1274 (2016) (citations omitted). In order for a defendant's statements to be admitted into evidence, it need not be shown that the defendant was advised of his or her rights, if the defendant's statements are not the product of custodial interrogation. Kaleohano, 99 Hawai'i at 377-78, 56 P.3d at 145-46. As Chang was not in custody, he was not subjected to custodial interrogation, which would have required advisement of his Miranda rights. Therefore, his performance on the field sobriety tests was admissible.

Nor does the admission of Chang's performance on the standardized field sobriety tests violate his right against self-incrimination. The right against self-incrimination is not necesarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in developing evidence which may be used against him or her. State v. Wyatt, 67 Haw. 293, 302, 687 P.2d 544, 551 (1984). In Wyatt, the Hawai'i Supreme Court stated that observations of a defendant's performance on field sobriety tests was an exhibition of physical characteristics of coordination. Id. at 303, 687 P.2d at 551.

5

Thus, the supreme court held that since the performance on field sobriety tests was neither communication nor testimony, the trial court did not err by refusing to suppress the field sobriety test observations. Id. at 301-03, 687 P.2d at 550-51. For these reasons, we conclude that Chang's first point of error is without merit.

(2) Chang contends that his waiver of his right to testify was not knowing, intelligent, and voluntary because of the District Court's initial misstatements about the implications of consolidating the hearing on the motion to suppress with the trial. Chang's arguments appear to be directed at both his decision not to testify in support of the motion to suppress, and his decision not to testify at trial.

In In re Doe, 107 Hawai'i 439, 114 P.3d 945 (App. 2005), this court held that where a trial is consolidated with a hearing on a motion to suppress evidence, the defendant may advise the court that he or she will testify only to issues presented by the motion to suppress, and that he or she is not giving up his or her Fifth Amendment right not to testify at trial. Id. at 450, 114 P.3d at 956.

Here, the District Court initially misstated that because it was a consolidated proceeding, if Chang testified for the purposes of the motion to suppress, then that testimony would be considered for the purposes of the trial as well:

> THE COURT: Right. But what he testifies to I'm going to listen to it and decide in regard to the trial as well. You see what I mean?
> . . . .
> So, I mean, even if you're limiting it to just the motion, whatever he gets up on the stand to, I'm going to actually have to decide on it for the trial.

> . . . .
> Okay. <u>But the court's going to listen to all of that and use all of that in determining for the trial his guilt or innocence as well</u>.
> . . . .
> Because if he doesn't want to testify, I want to make sure he has that right not to testify. <u>But if he testifies for purposes of the motion</u>, then we're kind of stuck at that point since we're consolidating the motion and the trial, so <u>I can't unhear what I've heard</u>.

(Emphasis added).

However, after the State clarified that it had no objection to Chang testifying for just the purposes of the motion to suppress, the District Court stated that it would consider Chang's testimony separately:

> THE COURT: So -- okay. So being he has no objection now . . . So if you want to put him on just for purposes of the motion, so then technically I guess we're not consolidating, okay, so we have to go backwards. . . . <u>I mean, we're consolidating the officer's portion of the testimony but not your client's portion of the testimony because he always has the right to remain silent for trial</u>.
> . . . .
> <u>And if there is a separate motion and the -- and the trial, like I said, I can put it aside whatever he said</u>, but since it was the agreement to consolidate, then I couldn't. <u>So if you want to do the separate motion now and keep it separate and then do the trial portion in regard to your client, it's a little strange for me, but I can do that, if that's what you want to do.</u>
> . . . .
> I can take a brief recess so you can talk with your client about that and then we can come back on and you -- you tell me what you want to do.

(Emphasis added).

The District Court then called a recess so that Chang's counsel could talk with Chang about whether Chang wanted to testify for the purposes of the motion to suppress. After the court reconvened, it stated:

> So just so that we're clear, if he wants to testify for the motion to suppress, he has that right. . . . So he has the right to testify for the motion. . . . I can listen to him testify for the motion and then I can rule. Okay.
> . . . .
> <u>And then any testimony that he made for purposes of the motion the court, only if he wanted to, would the court then decide</u>, you know, if he wants to testify, then we can decide whether or not what he would -- <u>what he testified to earlier</u>

> in the motion would be consolidated or not or if he wanted
> to add to it or things like that. Okay. So it's two separate
> rights. So I don't want him to think that he doesn't have
> that right.

(Emphasis added).

Then, addressing Chang directly, the court informed Chang that he could choose whether his testimony for the motion to suppress would be used for the purposes of trial, and Chang indicated that he understood:

> THE COURT: . . . So, Mr. Chang, like I said, I know it was a little confusing, and I might have been confusing to you, so I want to make sure that it's absolutely clear to you.
> . . . .
> And if you testify at the motion, it doesn't necessarily mean that what you testify in the motion I'm automatically going to use for the trial.
> . . . .
> If you didn't want to, you know, whatever you said in the motion, if you didn't want it for the trial, I would just have to take it out of my mind and put it on the side. Okay?
> THE DEFENDANT: Okay.
> THE COURT: So that's your right. So I want to make sure you clearly understand your rights. Okay?
> THE DEFENDANT: Yes, your honor.

Chang then indicated that he would not be testifying regarding the motion to suppress:

> THE COURT: So now, knowing that, in regard to the motion, are you going to be testifying in regard to the motion?
> . . . .
> THE DEFENDANT: No. No, I will not, your honor.

Here, although the District Court's initial statements were inconsistent with In re Doe, 107 Hawai'i at 450, 114 P.3d at 956, the court's further steps remedied its misstatements. First, the court stated that it would be able to consider Chang's testimony for the motion to suppress separately, because "he always has the right to remain silent for trial." Second, it granted a recess so that Chang and his counsel could confer. Third, it reiterated its corrected position to Chang's counsel,

stating that it would only consider Chang's testimony on the motion to suppress for trial purposes if that was what Chang wanted. And finally, the court addressed Chang directly, stating, *inter alia*, "whatever you said in the motion, if you didn't want it for the trial, I would just have to take it out of my mind and put it on the side. Okay?" Chang then replied, "[o]kay[,]" indicating that he understood. Only after the District Court took these steps, Chang stated that he would not testify in support of his motion to suppress. Under the circumstances here, we cannot conclude that Chang's rights were violated by the District Court's initial misstatement.

Chang also contends that his waiver of his right to testify at trial was also not knowing, intelligent, and voluntary because his waiver was irreparably compromised by the court's misapprehension that it could not hold a consolidated hearing and trial without holding Chang's testimony on the motion against him. However, Chang waived his right to testify at trial <u>after</u> the District Court ruled on the motion to suppress. Therefore, any possible earlier confusion about whether the District Court could consider Chang's testimony on the motion without considering it for trial purposes was irrelevant to Chang's subsequent decision to waive his right to testify at trial.

Moreover, as discussed above, the District Court clarified that Chang's testimony for the purposes of the motion would not be used for trial purposes, and Chang confirmed that he understood. Accordingly, we conclude that this argument lacks merit.

(3)   Chang contends that even if Officer Spiker's testimony as to Chang's performance on the standardized field sobriety test is considered, the evidence was insufficient to support a conviction.   We disagree.

Officer Spiker testified that he observed Chang driving without headlights and making a prohibited left turn.   He testified that when he pulled Chang over, he observed a strong odor of alcohol coming from Chang's breath, that Chang had red, watery, glassy eyes, and that Chang had a flushed face.   He also testified that Chang admitted that he had "had some drinks earlier."

Officer Spiker testified that when instructing Chang regarding the walk-and-turn test, Chang began walking early, despite being told not to.   He testified that during the first nine steps, Chang missed his "heel-toe" three times, because there was a gap bigger than half an inch between Chang's steps. He also stated that Chang stepped off the line twice, took only eight of nine steps in the first portion of the test and turned the wrong way.   Officer Spiker said that on the second half of the test, Chang again missed heel-toe twice and stepped off the line twice.   Officer Spiker also testified that Chang was swaying noticeably during the entire 30 seconds of the one-leg stand test and that Chang's right foot came to the ground four times during the test.

The District Court found that Officer Spiker's testimony was credible, and we will not disturb that finding on

appeal. See State v. Jenkins, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000).

Considering the evidence adduced at trial in the strongest light for the prosecution, we conclude that the evidence was sufficient to support Chang's conviction. See State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998).

(4) Chang contends that he received ineffective assistance of counsel because his attorney did not advise him that (1) by consolidating the suppression hearing with the trial, the District Court might not be able to consider his testimony only for the purposes of the motion to suppress, and (2) he had a right to testify only as to the motion to suppress and that he would not have to testify at trial.

> The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (citations, internal quotation marks, and footnote omitted).

There is nothing in the record to support Chang's assertions concerning what his counsel did or did not advise him. Even if Chang's allegations were grounded in the record before us, however, we cannot conclude that Chang established ineffective assistance of counsel where the District Court was, in fact, able to consider Chang's testimony solely for the purposes of the motion to suppress, see In re Doe, 107 Hawai'i at

450 114 P.3d at 956, the District Court itself advised Chang that he could choose to testify only for the purpose of the motion to suppress, and Chang acknowledged that he understood this advisement, but that he did not want to testify.

For these reasons, the District Court's August 25, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge